AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

United States of America

v.

**JOSEPH CHOJNACKI**

_Defendant_

Case No. 19-mj-5144

[Stamp: FILED MAY 30 2019, MARY C. LOEWENGUTH, CLERK, WESTERN DISTRICT OF NY]

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

(1)     On or about May 1, 2016, in the Western District of New York, the defendant, JOSEPH CHOJNACKI, did knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported using any means and facility of interstate and foreign commerce, including by computer, in violation of **Title 18, United States Code, Section 2252A(a)(2)(A) and 2252A(b)(1)**; and

(2)     On or about May 9, 2019, in the Western District of New York, the defendant, JOSEPH CHOJNACKI, did knowingly possess child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor who had not attained 12 years of age, in violation of **Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2)**.

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

_____
_Complainant's signature_
KAREN L. WISNIEWSKI
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS
_Printed name and title_

Sworn to before me and signed in my presence.
Date: May 30, 2019

_____
_Judge's signature_
MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
_Printed name and title_

City and State: Buffalo, New York

1

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK  )
COUNTY OF ERIE        )    SS:
CITY OF BUFFALO      )

I, **Karen L. Wisniewski**, being duly sworn, depose and state the following:

1.      I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), currently assigned to Buffalo, New York and have been so employed since March of 2003. Prior to that I was employed as a Special Agent with the United States Customs Service, assigned to the office of the Special Agent in Charge New York. As such, I am a law enforcement officer of the United States, within the meaning of Section 115(c)(1) of Title 18, United States Code, who is "authorized by law or by Government agency to engage in or supervise the prevention, detection, investigation or prosecution of any violation of Federal criminal law."

2.      As part of my duties as an HSI Special Agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the possession of child pornography, in violation of Title 18, U.S.C., Section 2252A(a)(5)(B), and receipt of child pornography, in violation of Title 18, U.S.C., Section 2252A(a)(2)(A). I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review multiple examples of child pornography (as defined in Title 18, U.S.C., § 2256) in various forms of media including

computer media. I have also participated in the execution of numerous search warrants, several of which involved child exploitation and/or child pornography offenses.

3. This affidavit is submitted in support of criminal complaint charging Joseph CHOJNACKI with a violation of Title 18, United States Code, Section 2252A(a)(5)(B), possession of child pornography, and Title 18, U.S.C., Section 2252A(a)(2)(A), receipt of child pornography.

4. The statements contained in this affidavit are based upon my investigation, information provided to me by other law enforcement personnel, and on my experience and training as a Special Agent of HSI. Because this affidavit is being submitted for the limited purpose of establishing probable cause to secure a search warrant, I have not included each fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause to believe that Joseph CHOJNACKI did knowingly violate Title 18, United States Code, Section 2252A(a)(5)(B), possession of child pornography, and Title 18, United States Code, Section 2252A(a)(2)(A), receipt of child pornography.

5. In July of 2018, Microsoft reported to NCMEC's CypberTipline that on July 23, 2018 someone at IP Address 72.228.184.30 uploaded an image which depicted the lascivious exhibition of a prepubescent female's vagina via BingImage. BingImage works by the user either uploading an image that the user already has in their possession, or by linking the URL of an image already posted online. Microsoft Corporation utilizes PhotoDNA software to compute the hash value of only uploaded images, and not linked images, to

BingImage and then compares those hash values to a repository of known hash values for which the associated images have been found to contain child exploitative material. This confirms that any images that have been flagged by the PhotoDNA software and reported to NCMEC would have to have been in the possession of the user who uploaded the image to BingImage. The NCMEC CyberTipline reports for these incidents indicate that an analyst at NCMEC conducted a query of open source information and determined that the IP address was registered to Charter Communications and appeared to be located in Buffalo, New York. NCMEC forwarded the CyberTipline relating to IP Address 72.228.184.30 to the New York State Internet Crimes Against Children (ICAC) Task Force, located in Albany, New York. A subpoena of the IP Address to Charter Communications resulted in identifying 154 Louis Street in Cheektowaga, NY as the address and the wife of Joseph CHOJNACKI, as the account holder.

6. On May 7, 2019 your affiant applied for and received a search warrant authorizing the search of Joseph CHOJNACKI's residence.

7. On May 9, 2019 your affiant, other Agents from the Department Homeland Security, and Investigators from the New York State Police Department executed a Federal Search and Seizure Warrant at the residence of Joseph CHOJNACKI located at 154 Louis Street, Cheektowaga, NY. Because of the Federal Search and Seizure Warrant, various computers, electronic devices, and electronic media were seized.

8.  Although the forensic examination has yet to be completed, the following seized items have been determined to contain suspected child pornography, as defined by 18 USC § 2256: one 8GB Sandisk Cruzer thumb drive and one 64GB Sandisk Cruzer thumb drive. After a preliminary review, 8,500 images and 200 videos of suspected child pornography have been identified on the two aforementioned electronic devices. HSI is still in the process of examining the two aforementioned electronic devices as well as other seized items.

9.  For purposes of this complaint, two photos and one video forensically recovered from the aforementioned devices are identified as follows:

   a. File name: \1\New Folder\191.PNG (encrypted with Truecrypt): This file depicts a crying female toddler (age 3-4) with underwear pulled down to her feet with her vagina exposed and has a plastic bag over her head with rope holding the bag in place. This file is located on Sandisk Cruzer thumb drive 64GB. The create date is May 5, 2016 at 5:57:07 AM;

   b. File name: \1\New Folder\34.PNG (encrypted with Truecrypt): This file depicts a female toddler (age 1-3) lying nude with her arms strapped to her legs with her vagina exposed and has a sex toy inserted into her anus. The file is located on Sandisk Cruzer 64GB. The create date is May 1, 2016 at 5:57:21 AM; and

   c. File name:\1\Pedomom\0054.mp4 (encrypted with Truecrypt): This file is a video depicting an adult female (nude) performing oral sex on a partially nude male toddler (age 2-3) who is lying on his back. The adult female mounts the male toddler to insert the male toddler penis into her

vagina. This file is located on Sandisk Cruzer 64GB. The create date is June 7, 2016 at 8:23:36 PM.

10. Based on my training and experience, the aforementioned images constitute child pornography.

11. On May 9, 2019 New York State Police Investigator Birtch and your affiant interviewed Joseph CHOJNACKI. This interview was conducted during the execution of the federal search warrant at the same residence. Upon entry into the home for the search warrant, SA Wisniewski explained that HSI had a search warrant for the residence. SA Wisniewski explained to CHOJNACKI that he was not under arrest and could leave at any time. SA Wisniewski asked CHOJNACKI if he would like to speak with agents and discuss the purpose of the search warrant, to which he agreed.

12. SA Wisniewski and Investigator Birtch interviewed CHOJNACKI who admitted that he viewed and downloaded child pornography, that he used his computer to look at child pornography, and that he sometimes looked at child pornography involving children under five years of age. CHOJNACKI stated that he has logged into forums about where to find child pornography. CHOJNACKI stated that he has been looking at child pornography since he was approximately 10 years of age. CHOJNACKI stated that he hasn't viewed the images since 2014, however the forensics on the electronics contradict that statement. CHOJNACKI stated that he uses limewire, tor and search terms to include "candy" and "pthc" which stands for pre-teen hard core. CHOJNACKI stated that he stored

all of the images on two encrypted thumb drives that he kept by his computer, as well as on the computer itself.

**WHEREFORE**, based upon the forgoing, the undersigned respectfully submits that there is probable cause to believe that Joseph CHOJNACKI did knowingly violate Title 18, United States Code, Section 2252A(a)(5)(B), possession of child pornography, and Title 18, U.S.C., Section 2252A(a)(2)(A), receipt of child pornography .

_____
KAREN L. WISNIEWSKI
Special Agent
Homeland Security Investigations

Sworn to before me this 30th
day of May, 2019

_____
HON. MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE